### BELINDA DRAKE *vs.* CHARLES W. GREEN.

An executor or administrator may be removed, under Gen. Sts. *c.* 101, § 2, if he is evidently unsuitable for the discharge of his trust at the time when the petition for his removal is heard, although the same facts which render him unsuitable existed at the time of his appointment.

An executor or administrator will not be removed, as evidently unsuitable for the discharge of his trust, simply on proof that he was unsuitable at the time of his appointment, and without proof that he continues to be so.

APPEAL from the decree of the judge of probate, removing the respondent from the office of administrator with the will annexed of the estate of Elizabeth Green.

At the hearing in this court, before *Gray*, J., the following facts appeared: The will was finally established in this court on the 31st of October 1861, making the petitioner and two other persons residuary devisees. On the following day, the respondent obtained from those two residuary devisees deeds of their shares of the estate, for one of which he agreed to pay less than half of the consideration named therein, and these deeds were not recorded till November 1864. William H. Willis, the executor named in the will, brought an action against the respondent to recover the amount of a note and interest, amounting to $503.95. On the 8th of September 1863 he resigned his trust as executor, and on the following day judgment was rendered in that action for the plaintiff, for the sum of $201.67, in accordance with a written agreement of the parties thereto, without date. The account of Willis as executor was duly settled, in which he charged himself with the amount of the note, and credited himself with a bill of the respondent equal to the difference between the amount of the note and of the judgment.

The petitioner also offered evidence that the respondent before his appointment had tried to induce a creditor to enlarge a claim against the estate, and said that " he was determined to put the old lady (the petitioner) through, as long as he was worth a dollar." But as the petitioner offered no evidence that the respondent had done anything since his appointment which made

him unsuitable for the trust, otherwise than his continued unsuitableness might be inferred from the facts above stated, and as it appeared that the petitioner knew of all the facts relied upon within a month or very little more after his appointment, the judge ruled that her remedy should have been by appeal from the decree of appointment, or petition to this court for leave to appeal therefrom, and ordered the decree of the judge of probate to be reversed, subject to the opinion of the whole court.

*T. H. Sweetser & J. L. Newton,* for the petitioner.

*A. V. Lynde,* for the respondent, cited *Hussey* v. *Coffin,* 1 Allen, 354, and cases there cited ; *Richards* v. *Sweetland,* 6 Cush. 324.

Hoar, J. The court are all of opinion that the decision of the justice of this court who reported the case was right, and that the evidence did not show that the administrator had become evidently unsuitable for the discharge of his trust, within the meaning of the statute. Gen. Sts. *c.* 101, § 2.

In so deciding, we do not mean to adopt to its full extent the ground taken by the respondent, that the cause of removal must be in every case an evident unsuitableness arising since the appointment. It must be an existing unsuitableness at the time when the petition for removal is heard. For it is not enough to show that the administrator was unsuitable at the time he was appointed, without showing further that the disqualification has continued, or has been revived. The appointment has been regularly made, and, if not appealed from, is valid and conclusive. All parties in interest were notified according to law, and their remedy, if they were dissatisfied with the appointment, was by appeal. The person appointed, whether suitable to discharge the trust or not, has become the administrator, perhaps, because no one took the trouble to prove his unsuitableness. On a petition to remove him, the court does not reconsider the question whether his original appointment was proper. That has been adjudicated. His qualifications when he was appointed may incidentally be introduced in evidence, in order to show what his present qualifications are. But if since his appointment he has not become a suitable administrator, he has become an unsuitable one, and may be removed for that

cause upon petition, although the present unfitness may have existed before his appointment to an equal degree, and would have been a good cause for refusing to appoint him in the first instance.

Thus, for example, a person who applies for administration may have interests conflicting with those of the estate. The probability that these would prove an embarrassment in the proper performance of his duty might be a sufficient reason for a refusal of the judge of probate to intrust him with the administration. But he is appointed. Either the fact was not brought to the notice of the judge, or he did not think it a sufficient objection. The administrator enters upon the discharge of his trust. It may be that his claims adverse to the estate are amicably adjusted; or he may show by his conduct that he is ready to make his own rights subordinate to those whose interests he represents. It would not then be just or lawful to deprive him of his vested interest in the administration, by merely showing the condition of things before his appointment, and thus in effect rejudging the correctness of the decision which had been made. But suppose on the other hand that his claims remain unsettled, and without reasonable prospect of a fair settlement; or that by act or speech he shows that he intends to secure an unfair advantage to himself; then, within the meaning of the statute, he may be held to have " become evidently unsuitable for the discharge of his trust;" and we think it would be no sufficient answer to an application for his removal, that he was just as unsuitable when he was appointed.

In the case at bar the objections to the administrator are, that before his appointment he had by words and acts manifested a spirit of hostility to the petitioner, a person interested in the estate; and a disposition to obtain undue advantages for himself. But he was appointed, and no appeal was taken from the decree appointing him. There was nothing in the evidence to show that his previous state of feeling and purpose has continued, or has been manifested in any manner since his appointment. There is no legal presumption that he now intends anything inconsistent with his duty. Very slight evidence of the present

existence of his former disposition might have been sufficient, in connection with the proof of what occurred before his appointment, to justify removing him.  But no evidence whatever being introduced, a sufficient cause is not established.

*Decree of the judge of probate reversed.*